UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 12-31514-HCM |
| RAUL HERRERA, JR | § | |
| LULU LOREN OKEEFE | § | |
| Debtors | § | Chapter 7 |

**MOTION TO APPROVE COMPROMISE UNDER RULE 9019
AND TO AUTHORIZE PAYMENT OF ATTORNEY FEES AND EXPENSES**

THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS.

IF NO TIMELY RESPONSE IS FILED WITHIN 21 DAYS FROM THE DATE OF SERVICE, NO HEARING WILL BE HELD AND THE RELIEF REQUESTED IN THE MOTION MAY BE GRANTED WITHOUT A HEARING BEING HELD. A TIMELY FILED RESPONSE IS NECESSARY FOR A HEARING TO BE HELD.

Ronald E. Ingalls, Chapter 7 trustee, files this Motion to Approve Compromise Under Rule 9019 and to Authorize Payment of Attorney Fees and Expenses, and would show the Court as follows:

1. This chapter 7 case was originally filed on August 13, 2012. J. Marshall Miller was the trustee appointed in the case. A no-asset report was filed following the meeting of creditors. The case was closed on November 23, 2012.

2. The case was reopened on March 29, 2016. Ronald Ingalls was appointed to be the trustee in the reopened case. The case was reopened because a previously undisclosed asset, a product liability claim, was brought to the attention of the U. S. Trustee.

3. The employment of two firms – Kabateck Brown Kellner, LLP, and Milstein Adelman Jackson Fairchild & Wade LLP— as attorneys for a special purpose was approved by an order dated November 9, 2016. The special purpose was to pursue the Debtors' asserted personal injury/ product liability claims (the "Claim") as part of multi-district court litigation

regarding similar claims.

4.  A proposed settlement of the Claim has been offered in the gross settlement amount of $75,600.00, subject to deductions and holdbacks for certain fees, expenses, and costs under the terms of the settlement. The settlement funds are currently held in a settlement escrow that has been approved as a Qualified Settlement Fund (the "Settlement Escrow").  The Administrator of the escrow (the "Settlement Fund Administrator") has been approved to oversee the distribution of funds from the escrow and all payments from the escrow shall be made by the Settlement Fund Administrator consistent with the terms of the settlement.  In that regard certain fees, costs and expenses are required to be withheld and/or paid from the gross settlement amount of $75,600.00 by the Settlement Fund Administrator prior to the distribution of any remaining proceeds, including:

| Gross Settlement Amount | $75,600.00 |
|---|---|
|  |  |
| MDL Fees | ($3,780.00) |
| Lien Resolution Program Fee | ($400.00) |
| Lien Amount | ($1,516.97) |
| Counsel Fees and Costs (total $31,911.57) |  |
|     Settlement Counsel Fee | ($2,646.00) |
|     MJFW Firm Fees | ($13,797.00) |
|     KBK Firm Fees | ($13,797.00) |
|     MJFW Firm Expenses | ($1,373.30) |
|     KBK Firm Expenses | ($298.27) |
|  |  |
| Net Remaining Proceeds | $37,991.46 |

5.  One of the conditions of the settlement is that the Trustee and the Debtors release any and all claims related to or arising from the Claim and execute the Release (defined below). Accordingly, the Trustee moves that the Court authorize the Trustee, on behalf of the Trustee and the bankruptcy estate, and the Debtors, to enter into, execute and deliver any and all release

documentation required by the defendants and any other documents or instruments, if any, necessary or appropriate in order to effectuate the release of claims (the "Release"), and that upon the Release becoming effective in accordance with its terms, all persons and entities, including, without limitation, the Trustee, the bankruptcy estate, the Debtors, and any person or entity claiming, or who could claim, by, through or on behalf of the Trustee, the bankruptcy estate and/or the Debtors, shall be and hereby are deemed to have released all claims and are permanently enjoined from asserting or prosecuting any claims related to or arising from the Claim; and any and all documents and instruments executed by the Trustee and/or the Debtors agreeing to the release of the claims, is and shall be valid, binding, and enforceable according to their terms.

6. When determining whether to approve a settlement, the court should look at (1) the probability of success on the merits in the litigation, (2) complexity and likely duration of the litigation and attendant expense, inconvenience, and delay, and (3) all other factors bearing on the wisdom of the compromise. *Matter of Jackson Brewing Co.*, 624 F.2d 599 (1980). The trustee believes that the proposed settlement of the Claim as part of the multi-district court litigation is a reasonable resolution of the Claim. Individual litigation is not likely to bring any better result, and avoids the large expenses of taking the claim to trial, and removes any risk of no recovery. The settlement of the Claim on the terms proposed herein will result in the award being paid promptly.

7. The Trustee requests that the attorney fees be approved. The amounts are based on the percentages of the recovery as detailed in the Application for Retention of Attorneys for a Special Purpose Pursuant to §327(e). The contingency fees are reasonable under the circumstances, and are in line with the expectations at the beginning of the litigation. The 40% contingency includes the Settlement Counsel Fee imposed on all settlements, and the remainder

is split between the two law firms.

WHEREFORE PREMISES CONSIDERED, Ronald E. Ingalls, prays that the Court approve the Trustee settling the Claim on the terms as set forth above, authorize, subject to the terms of the settlement being satisfied, the Settlement Fund Administrator to pay and/or withhold from the gross settlement amount the fees, costs and expenses under the terms of the settlement, including attorney fees and costs, and pay the remainder to the Trustee for the benefit of the bankruptcy estate, authorize the Trustee and the Debtors to execute and deliver any and all documents necessary to effectuate a full release, waiver, and settlement of the Claim, including, but not limited to, the Release, and for such other relief as is just.

Respectfully submitted,

/s/ Ronald Ingalls
Ronald Ingalls, Trustee
State Bar No. 10391900
PO Box 2867
Fredericksburg, TX 78624
(830) 307-3244
ron@ingallstrustee.com

**CERTIFICATE OF SERVICE**

The signature above certifies that a true and correct copy of the foregoing document has been served by first class U.S. mail on September 5, 2018, on the attached matrix.